Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KRISTIE LITTLE, Individually and as Guardian of K.L., | CV-22-69-GF-BMM-JTJ |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| UNITED STATES OF AMERICA and DOES 1-10, | |
| Defendants. | |

Plaintiff alleges as follows:

1. Plaintiff Kristie Little is an enrolled tribal member of the Fort Belknap Indian Community, a citizen of the State of Montana, and a resident of Blaine County, Montana.

2. K.L. is Kristie Little's natural minor child and is an enrolled member of the Spirit Lake Tribe and a Fort Belknap community member, a citizen of the State of Montana, and a resident of Blaine County, Montana.

3. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq.*, because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

4. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

5. Department of Health and Human Services received Plaintiff's Federal Tort Claim Act claims on December 27, 2021. The government has not acted on the claims, therefore Plaintiff's claims are ripe for adjudication.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

7. On December 4, 2019, K.L. presented to the Ft. Belknap IHS clinic complaining of fever and sore throat. IHS health care providers diagnosed K.L. with pharyngitis, impacted cerumen, and sinusitis and sent him home.

8. K.L. returned to the Ft. Belknap IHS clinic on December 13, 2019, complaining of neck pain. IHS health care providers prescribed warm moist

heat and ibuprofin and sent him home.

9. K.L. returned to the Ft. Belknap IHS clinic on December 27, 2019, with continued complaints of a sore neck and significant range of motion loss in his neck. IHS health care providers determined that K.L. had lymphadenopathy and strep, told him he had "a crick in his neck," prescribed some medications, and sent him home.

10. K.L. presented to the Phillips County Hospital on January 2, 2020, was given an x-ray of his cervical spine, got a shot of ketolorac, and was sent home.

11. K.L. presented to Northern Montana Hospital on January 6, 2020, and then life flighted to Kalispell for care on January 8, 2020.

12. Providers determined that K.L. had C1/C2 osteomylelitis.

13. K.L. continues to have pain and complications related to the failures of health care providers at the Ft. Belknap Health Center to timely diagnose his condition or make a timely referral to outside health care providers.

14. Health care providers at the Ft. Belknap Health Center violated the standard of care when they failed to diagnose K.L.'s medical condition. This failure caused K.L.'s condition to deteriorate.

15. Health care providers at the Ft. Belknap Health Center were negligent and

violated the standard of care in failing to properly assess and properly treat K.L.'s condition upon his presentations to the HIS. The failure to assess and treat K.L. in a timely manner caused his condition to deteriorate.

16. Health care providers at the Ft. Belknap Health Center were negligent and violated the standard of care in failing to properly assess and refer K.L. to other medical care providers upon his presentations to the IHS. The failure to assess and refer K.L. to other medical care providers in a timely manner caused his condition to deteriorate.

17. As a direct and proximate result of each of the acts and omissions of the IHS and health care providers at the Ft. Belknap Health Center alleged in this Complaint, K.L. suffered severe and painful injuries and has required numerous follow-up procedures.

18. As a direct and proximate result of each of the acts and omissions of the IHS and health care providers at the Ft. Belknap Health Center alleged in this Complaint, Plaintiff and K.L. suffered anxiety and emotional distress.

19. Plaintiff alleges that Montana's $250,00.00 cap on non-economic damages contained in MCA §25-9-411 is unconstitutional because it violates the Montana Constitution's guarantees of (1) the right to full legal redress

(Art.II, Sec. 16); (2) her right to jury trial (Art. II, Sec. 26); (3) her right to equal protection of the laws (Art II, Sec. 4); and (4) the separation of powers (Art III, Sec. 1).

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. For judgment in such amounts as shall be proven at the time of trial.

2. For an award of attorney's fees and costs as provided by any applicable provision of law.

3. For such other and further relief as the Court deems just and equitable.

DATED this 29th day of July, 2022.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC